## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILSON SMITH, JR.,** | : | **CIVIL ACTION NO. 1:08-CV-1324** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PA STATE ATTORNEY GENERAL,** | : | |
| **LAWLER,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

On July 14, 2008, petitioner, an inmate presently confined at the State Correctional Institution at Huntingdon, Huntingdon, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Therein, he attacks his convictions for Murder in the Third Degree, Aggravated Assault and Recklessly Endangering Another Person. Preliminary review of the petition revealed that it may be barred by the statute of limitations. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*). Therefore, an order was entered affording the parties the opportunity to address the timeliness of the petition and any applicable tolling of the statute of limitations. (Doc. 5.) Respondents filed their response on September 5, 2008, asserting that the petition is untimely. (Doc. 9.) Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court concludes that the petition is subject to dismissal because it is time-barred. See 28 U.S.C. § 2244(d).

I.    **Background**

Petitioner is currently serving an aggregated sentence of twenty to forty

years incarceration  for Murder in the Third Degree, Aggravated Assault, and

Recklessly Endangering Another Person that was imposed by the Court of Common

Pleas of York County on August 27, 2003.  (Doc. 1.)  Shortly thereafter, he filed a

request for modification of his sentence, which was denied.  (Doc. 9-2, at 16.)

On October 16, 2003, he filed a direct appeal with the Superior Court of

Pennsylvania.  (Id.)  On September 24, 2004, the superior court affirmed his

conviction and judgment of sentence.  (Doc. 9-2, at 32.)  He filed a timely petition for

allowance of appeal with the Supreme Court of Pennsylvania, which was denied on

May 3, 2005.  (Doc. 9-2, at 33, 38.)  He did not pursue further relief in the United

States Supreme Court.

On November 21, 2005, he filed  a timely petition for post-conviction

collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA.

CONS. STAT. §§ 9541-46.  (Doc. 9-2, at 21.)  Counsel was appointed and an amended

petition was filed.  (Doc. 9-2, at 21, 22.)  On January 25, 2006, the petition was

denied.  (Id. at 22.)  An appeal was filed in the Pennsylvania Superior Court.  The

appeal was denied on February 28, 2007.  He sought further review in the

Pennsylvania Supreme Court.  On October 11, 2007, the supreme court denied his

petition for allowance of appeal.  (Doc. 9-2, at 49.)

The present federal petition was filed in this court on July 14, 2008.

## II.   __Discussion__

The court may "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed

under the stringent standards set forth in the Anti-Terrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

See 28 U.S.C. § 2244(d) (1).  A state prisoner requesting habeas corpus relief

pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant

part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

not become final until appeals have been exhausted or the time for appeal has

expired.  See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on August 27, 2003.  His judgment became final on August 1, 2005, when his time to seek review by the United States Supreme Court expired, and the one-year period for the statute of limitations commenced running as of that date.  However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

A.    **Statutory Tolling**

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Thus, the limitations period was tolled on November 21, 2005, when Petitioner filed his PCRA petition.  The statute of limitations had run, however, from August 1, 2005, until November 21, 2005, meaning that approximately 113 days of the one-year period had elapsed before Petitioner's PCRA filing.  The period remained tolled until October 11, 2007, the date on which the Pennsylvania Supreme Court denied his petition for allowance of appeal.[1]  At that time he had 252 days remaining in which to file his federal petition.  The 252 days expired on or about June 29, 2008.  His federal petition was filed on July 14, 2008, after the expiration of the limitations period.

---

[1]Petitioner states that the Pennsylvania Supreme Court denied discretionary review on October 3, 2007.  (Doc. 4, at 6.)  However, according to the allocatur docket sheet, the order denying the petition for allowance of appeal was entered on October 11, 2007.  (Doc. 9-2, at 49.)

4

**B.      Equitable Tolling**

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has been prevented, in some extraordinary way,  from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Petitioner does not allege that he was misled by either the Commonwealth or state courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong forum.  Nor does he state that he was prevented, in some extraordinary way, from asserting his rights.  Based on the foregoing, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

**III.**   **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

**IV.**   **Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Here, jurists of

reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:     November 20, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILSON SMITH, JR.,** | : | **CIVIL ACTION NO. 1:08-CV-1324** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **PA STATE ATTORNEY GENERAL, LAWLER,** | : | |
| | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 20th day of November, 2008, in accordance with the

foregoing memorandum, it is hereby ORDERED that:

1.   The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations.  See 28 U.S.C. § 2244(d).

2.   There is no basis for the issuance of a certificate of appealability.  28 U.S.C. § 2253(c).

3.   The Clerk of Court is directed to CLOSE this case.


   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge